**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARROLL HAAS,** | : | **No. 3:13cv898** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **WILD ACRES LAKES PROPERTY** | : | |
| **AND HOMEOWNERS ASSOCIATION,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court for disposition are motions in limine filed by Plaintiff

Carroll Haas, in advance of the pretrial conference.  The motions have

been fully briefed and are ripe for disposition.  For the reasons that follow,

the motions will be granted in part and denied in part.

**Background[1]**

This Title VII gender discrimination claim arises from Plaintiff Carroll

Haas' (hereinafter "plaintiff") employment with Defendant Wild Acres

Lakes Property and Homeowner's Association (hereinafter "defendant").

In January 2009, plaintiff, a female, began working for the defendant as a

dispatcher earning $10.25 per hour.  Plaintiff expressed her desire to

_____

[1] The following facts are undisputed as set forth within the plaintiff's
and defendant's pretrial memorandums.  (See Doc. 22, Def.'s Pretrial
Mem. at 6-9; Doc. 24, Pl.'s Pretrial Mem. at 4-6).  Because the facts are
undisputed, the court will forego citations.

obtain her Act 235 certification, which would increase her hourly rate to $11.00 per hour.[2]

On June 27, 2010, plaintiff obtained her Act 235 certification.  The defendant, however, failed to increase plaintiff's hourly rate to $11.00. Plaintiff, aware that male employees with their Act 235 certification were making $11.00 per hour, complained to the defendant's Chief of Public Safety in July 2010.  The Chief advised plaintiff that he could not grant raises, but he would present plaintiff's request for a raise to the defendant's board of directors.  Not satisfied with the Chief's response, plaintiff complained to the defendant's Director of Operations.  The Director of Operations advised plaintiff that her request for a raise would be discussed at the next board meeting.

On July 13, 2010, plaintiff received an Employee Warning Notice stating that she was in violation of defendant's "chain of command policy" and would be suspended for one day.  Evidently, the defendant had a policy, which directed employees to file any complaints with their Sergeant

---

[2]  Pennsylvania's Lethal Weapons Training Act, commonly referred to as Act 235, provides for the training and certification of watch guards, protective patrolmen, detectives and criminal investigators, carrying and using lethal weapons in their employment. See PENNSYLVANIA STATE POLICE  WEBSITE, http://tinyurl.com/m6eubva (last accessed March 11, 2014).

or Chief of Public Safety.  The policy also stated that employees were not to bring complaints to the defendant's Director of Operations or the Board of Directors.

Soon thereafter, plaintiff contacted the Equal Employment Opportunity Commission (hereinafter "EEOC") with regard to gender discrimination.  The EEOC issued a charge of discrimination against the defendant on August 19, 2010.  A week after receiving the EEOC's charge of discrimination, the defendant suspended plaintiff for two days contending she had granted access to Wild Acres Lakes Property to a non-resident.  Finally, on September 17, 2010, less than a month after receiving the EEOC's charge of discrimination, the defendant terminated plaintiff's employment.  The defendant argues that the plaintiff was fired because she went out in a patrol vehicle without being properly trained, and that plaintiff was not covered by defendant's insurance policy.

Based upon these incidents, plaintiff filed a two-count complaint in this court.  Count One asserts a retaliation claim under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII").  Count Two alleges a violation of Pennsylvania's Human Relations Act (hereinafter "PHRA").  A pretrial conference has been scheduled, and in accordance with the court's rule, plaintiff has filed two motions in limine.  We will address them *in seriatim*.

**1.  Motion to preclude Unemployment Compensation Referee's decision denying plaintiff unemployment compensation benefits**

Plaintiff seeks to preclude from trial the Unemployment Compensation Referee's (hereinafter "Referee") decision denying unemployment benefits.  Plaintiff contends that the Referee's decision is not relevant, and even if it is, the decision is unfairly prejudicial, confusing, and/or misleading to the jury.  Defendant argues that the Referee's decision is relevant and its probative value is not substantially outweighed by unfair prejudice.  After careful consideration, we agree with the plaintiff.

Federal law provides that relevant evidence is generally admissible.  FED. R. EVID. 402.  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401.  "The plain meaning of the Rule demonstrates that the scope of relevant evidence is intended to be broad, and the authorities support such a broad reading."  McQueeney v. Wilmington Trust Co., 779 F.2d 916, 922 (3d Cir. 1985).  Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  FED. R. EVID. 403.

In the instant matter, the Referee denied unemployment benefits because plaintiff engaged in "willful misconduct."  The Referee's determination, however, is not relevant because the policies and rights embodied in the Pennsylvania Unemployment Compensation Law and Title VII are distinct: the former addresses economic insecurity due to unemployment, while the latter seeks to eradicate unlawful discrimination in employment settings.  Stated differently, the Referee's determination is not relevant because it resides within a legal framework separate and apart from Title VII.

Pursuant to Pennsylvania law, an employee is not eligible for unemployment benefits if "his unemployment is due to his discharge . . . for willful misconduct connected with his work . . . ."  43 PA. STAT. ANN. § 802(e).  "Willful misconduct" has been defined as (1) the wanton and willful disregard of the employer's interest; (2) the deliberate violation of rules; (3) the disregard of standards of behavior which an employer can rightfully expect from his employee; or (4) negligence which manifests culpability, wrongful intent, evil design or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. Elser v. Unemployment Comp. Bd. of Review, 967 A.2d 1064, 1069 n.7 (Pa. Commw. Ct. 2009).  Further, "the employer bears the

burden of establishing that the claimant was discharged for willful

misconduct on the job."  Roberts v. Unemployment Comp. Bd. of Review,

977 A.2d 12, 16 (Pa. Commw. Ct. 2009) (citation omitted).  "Once the

employer meets its burden, a claimant may then prove he had good cause

for his actions. Good cause is established where the action of the

employee is justifiable or reasonable under the circumstances . . . ."  Dep't

of Corr. v. Unemployment Comp. Bd. of Review, 943 A.2d 1011, 1015

(Pa. Commw. Ct. 2008) (citation and quotation marks omitted).

On the other hand, the anti-retaliation provision of Title VII prohibits

an employer from discriminating against an employee because "he has

opposed any . . . unlawful employment practice" or "has made a charge,

testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing . . . ."  42 U.S.C. § 2000e-3(a).  To assert a prima

facie case for retaliation, plaintiff must demonstrate the following: (1) she

engaged in activity protected by Title VII; (2) her employer took an

adverse employment action against her; and (3) there was a causal

connection between the protected activity and the adverse employment

action.[3]  Moore v. City of Phila., 461 F.3d 331, 340-41 (3d Cir. 2006)

---

[3]  Because Title VII and PHRA retaliation claims are evaluated under
the same standards, we only address plaintiff's Title VII retaliation claim.
Marra v. Phila. Hous. Auth., 497 F.3d 286, 300 (3d Cir. 2007) (citing

(citation omitted).

Furthermore, the court analyzes retaliation claims under the McDonnell Douglas burden-shifting framework.  Moore, 461 F.3d at 342. If the plaintiff is able to establish a prima facie case of retaliation, then "'the burden shifts to the employer to advance a legitimate, non-retaliatory reason' for its conduct and, if it does so, 'the plaintiff must be able to convince the factfinder both that the employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action.'"  Id. (quoting Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500-01 (3d Cir. 1997)).

Simply put, the different legal standards a plaintiff must establish to obtain unemployment compensation benefits are distinct from the elements a plaintiff must demonstrate in a Title VII retaliation case.  As such, the referee's decision has no tendency to make the existence of any fact that is of consequence to the determination of plaintiff's Title VII action more or less probable than it would be without the evidence.  FED. R. EVID. 401.

Moreover, even if the evidence was relevant, the minimal probative

Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997).

7

value is substantially outweighed by the dangers of confusion of the

issues, or misleading the jury.  Here, the Referee's decisions involved

reconciling conflicting testimony between the plaintiff and defendant.  Any

credibility issues in this case are for the jury—as the finder of fact—to

assess based on the sworn testimony of witnesses and other evidence

introduced at trial.  To allow defendant to introduce the Referee's decision

would cause serious jury confusion as well as create a significant risk that

the jury will place undue weight on the findings in lieu of making their own

credibility determinations.  These concerns are especially great where, as

here, the unemployment compensation proceedings involved a very

different burden of proof on a different legal issue.  Because the court

finds that the Referee's unemployment compensation determination is not

relevant, and even if it were, any probative value is substantially

outweighed by the unfair prejudice to the plaintiff, the court will grant

plaintiff's motion in limine on this issue.  Ergo, the Referee's decision

denying plaintiff unemployment benefits is precluded from trial.

**2.  Motion to preclude evidence asserting facts that conflict with the EEOC's factual findings and determination**

The EEOC conducted a two-year investigation into plaintiff's gender

discrimination claims.  The EEOC reviewed documents and interviewed

witnesses.  At the conclusion of its investigation, the EEOC issued a letter

summarizing its investigation and conclusions on January 15, 2013.  (See

Doc. 21-3, Ex. B, EEOC Determination Letter dated Jan. 15, 2013).  This

letter, referred to as the EEOC's determination letter, states that the

EEOC had reasonable cause to believe that the plaintiff was disciplined

and discharged in retaliation for complaining about gender discrimination.

(Id. at 2).

Plaintiff now moves to preclude defendant from asserting facts that

conflict with the factual findings set forth in the EEOC's determination

letter.  Plaintiff contends that issue preclusion, or collateral estoppel,

prohibits this evidence.  Prior to addressing this issue, however, the court

must first address whether the EEOC determination letter is admissible

evidence at trial.[4]  As such, the court will first address the admissibility of

the EEOC's determination letter, and if necessary, discuss plaintiff's

collateral estoppel argument.

The Third Circuit Court of Appeals has stated that EEOC

determinations are relevant substantive evidence in Title VII cases.  El v.

Se. Pa. Transp. Auth., 479 F.3d 232, 248 n.19 (3d Cir. 2007).  Relevant

---

[4] Although the defendant did not file a motion in limine to preclude
the EEOC's determination letter, in its reply the defendant asserts this
evidence should be precluded.  (Doc. 23, Def.'s Br. in Opp'n to Pl.'s Mot.
in Limine at 7-8).

evidence, however, may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  FED. R. EVID. 403.

Trial courts maintain discretion regarding the admissibility of EEOC determination letters.  Walton v. Eaton Corp., 563 F.2d 66, 75 (3d Cir. 1977).  Specifically, "[t]he weight of the case law holds that Rule 403 may operate on an EEOC report, and that the decision of whether or not an EEOC Letter of Determination is more probative than prejudicial is within the discretion of the trial court, and to be determined on a case-by-case basis."  Colemanv. Home Depot, Inc., 306 F.3d 1333, 1345 (3d Cir. 2002) (citations omitted).

The relevant portions of the EEOC determination letter are as follows:

> The evidence shows that the Chief of the Public Safety Department issued a memorandum [(hereinafter "fair treatment memorandum")] which is believed to have been issued in June 2010 which states that it has come to his attention that there are employees who feel their treatment has been unfair.  The [fair treatment] memorandum further states that an employee can request a meeting with the Chief as well as the supervisory staff and that doing so "will force re-evaluation of that employees' worth to the Public Safety Department."
> The evidence shows that the [plaintiff] was suspended for one day on July 13, 2010 for going outside the Chain of Command when she complained to the Office Manager and

Acting director of Operations even though she had previously complained to the Chief of the Public Safety Department about her wage disparity. . . .  On August 19, 2010, the [defendant] was served Notice of the Charge of Discrimination.  On August 27, 2010, the [plaintiff] was suspended for two days for failing to deny access to a non-resident on August 17, 2010.  On Spetember 17, 2010, the [plaintiff] was discharged for leaving her post to go on patrol although testimony shows that she did so at the suggesstion of the Officer in charge at the time.

The evidence clearly shows that the [plaintiff] was disciplined and discharged in retaliation for complaining of discrimination.  The Chief's [fair treatment] memorandum is viewed as direct evidence reflecting a retaliatory motive in the [plaintiff's] discipline and discharge. . . .  Based on the foregoing, I have determined that there is reasonable cause to believe that [Title VII] has been violated.

(Doc. 21-3, Ex. B, EEOC Determination Letter at 2).

In the instant case, the court finds that the EEOC's determination letter has little probative value and could be highly prejudicial.  As previously discussed, the trial of this case will focus on gender discrimination under Title VII.  Any evidence that the jury may hear concerning defendant's treatment of plaintiff pertaining to her gender can certainly be properly weighed by the jury along with all of the other evidence without reference to the EEOC's determination letter.  (See Coleman, 306 F.3d at 1345 (stating "other Rule 403 factors–especially considerations of undue delay, waste of time, or needless presentation of cumulative evidence, which are often necessary to counter an EEOC

report–could 'kick-in' and control, especially where the report could be shown to be of low probative value.")).  Additionally, the fact that the letter originated from an authoritative government agency could confuse and mislead the jury and unfairly prejudice the defendant.

Moreover, the nature of the EEOC's determination letter–the fact that it concluded that the defendant violated Title VII–makes the document substantially more prejudicial than probative.  (See e.g, Martinelli v. Penn Millers Ins. Co., 269 F. App'x 226, 229 (3d Cir. 2008) (finding that a trial court was within its discretion to exclude an EEOC determination letter because the letter claimed to be a determination on the merits).  Finally, the EEOC based its determination on the assumption that the Chief's fair treatment memorandum was issued in June 2010–prior to plaintiff's termination.  The defendant contends that it will establish at trial that the fair treatment memorandum was authored after plaintiff's termination.  Clearly the resolution of this disputed fact must be left for the jury.

Because the court finds that the probative value of the EEOC's determination letter is substantially outweighed by unfair prejudice resulting from confusion of the issues, undue delay and presentation of cumulative evidence, the court will preclude the EEOC's determination letter from trial.  Plaintiff's motion to preclude evidence asserting facts that

contradict with the EEOC determination is therefore denied.

**Conclusion**

For the reasons set forth above, plaintiff's motion in limine will be granted in part and denied in part.  The motion with respect to the Unemployment Compensation Referee's decision will be granted, and the defendant will be precluded from offering evidence regarding the Referee's decision.  Plaintiff's motion to preclude the defendant from asserting evidence that conflict with the EEOC's determination is denied, and the parties will be precluded from offering the EEOC's determination letter into evidence at trial.  An appropriate order follows.

Date:   3/13/2014              **s/ James M. Munley**
                              **JUDGE JAMES M. MUNLEY**
                              **United States District Court**